When a certiorari is obtained to remove a cause from a court below, the adverse party should have notice, to the end he may appear and oppose the motion for a new trial if he thinks proper. As the Court at the last term ordered process to issue from that term, it must now be taken that the cause was not then discontinued. Had it been, no such process would have been ordered, but a discontinuance would have been entered, or aprocedendo. Then notice should have issued from the last term; and it appears now that no process for that purpose has actually been served since, but the defendant's attorney has entered his appearance and moved on behalf of the defendant for a dismission, and this is proof that the defendant had notice. It is always so taken. Vide 1 Stran., 261; 2 Stran., 1072; Salk., 59. The *Page 320 
object of process is to give notice to the defendant, and to bring him into court; but if he chooses to come in voluntarily, that supersedes the necessity of process. The entering the initials of the attorney's name on the docket is the usual mode of appearing here practiced, and is looked upon as equivalent to his having a power of attorney for that purpose, signed by his client, as practiced in the English courts. Such a power, and an appearance in consequence thereof, is a waiver of all objections for irregularity or want of process, if the adverse party chooses so to consider it.
The motion to dismiss was refused.
Cited: Worthington v. Arnold, 13 N.C. 364; Jones v. Penland, 19 N.C. 359;Miller v. Heart, 26 N.C. 26.